UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Wiley Y. Daniel**

Civil Action No. 97-cv-01810-WYD

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff-Applicant,

v.

CONSOLIDATED INVESTMENT SERVICES, INC.,

Defendant,

and

STEPHEN E. SNYDER, as Trustee for the Liquidation of Consolidated Investment Services, Inc.,

Plaintiff,

v

NORMAN P. ROUNDS; CAVALIER GROUP, INC.; GARY L. MITCHELL, MITCHELL, LONDER & COMPANY; and MITCHELL, FINLEY AND COMPANY, P.C.,

Defendants.

_____

**ORDER FOR REVIVAL OF JUDGMENT AND JUDGMENT LIENS**
_____

THIS MATTER comes before the Court on Plaintiff's Motion for Revival of Judgment and Judgment Liens filed September 27, 2006. Plaintiff Stephen E. Snyder, as Trustee for the liquidation of Consolidated Investment Services, Inc., seeks therein to revive the Judgment entered by this Court against Defendants Norman P. Rounds

1

#1180636 v2

and Cavalier Group, Inc. on November 21, 2000 pursuant to Fed. R. Civ. P. 69(a) and 81(b), C.R.S. § 13-52-102 and C.R.C.P. 54(h).

The Court, having reviewed the motion and being fully advised in the premises, finds that the motion should be granted.  A Notice to Show Cause for Revival of Judgment and Judgment Liens was filed on September 28, 2006, and the motion and notice were duly served upon the Defendants in accordance with C.R.C.P. 4.  A Response of Judgment Debtor Norman P. Rounds to Notice to Show Cause for Revival of Judgment and Judgment Liens was filed on October 11, 2006.  In the response, Mr. Rounds does not object to the revival of the judgment and judgment liens.  Instead, he merely states that he waives no rights as a result of their revival.  No response was filed by Cavalier Group, Inc.  I further find that Plaintiff's motion demonstrated good cause  for revival of the judgment.  Accordingly, it is

ORDERED that Plaintiff's Motion for Revival of Judgment and Judgment Liens is **GRANTED**.  In accordance therewith, it is

ORDERED that the Judgment rendered in this action on November 21, 2000, and any judgment liens arising therefrom, are hereby revived with like force and effect as if rendered upon this date.  It is

FURTHER ORDERED that there is now due and owing upon the said Judgment the principal amount of $5,331,386.60, together with pre-judgment interest of $1,966,624.20 and taxable costs of $5,219.74 (as set forth on page 5 of the Judgment and pursuant to the judgment on the Trustee's bill of costs, dated December 6, 2000),

for a total judgment amount of $7,303,230.54, with post-judgment interest accruing at the legal rate of 6.241%, or a per diem of $1,248.75 from November 22, 2000 until the Judgment is paid, less only a payment of $932.91 pursuant to the Court's Order on Writ of Garnishment dated February 20, 2002 (the "Garnishment Amount"), which Garnishment Amount the Plaintiff has applied to post-judgment interest.  It is

FURTHER ORDERED that the Plaintiff shall be permitted to record a certified copy of this Order in the real estate records of any county in Colorado, or other applicable governmental agency, to evidence the revival of any judgment liens arising from the November 21, 2000 Judgment in this matter.

Dated:  November 16, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

#1180636 v2